UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY LEONE,

    Plaintiff,

v.                                                                         Case No: 8:19-cv-998-T-24JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Kelly Leone seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on October 5, 2015. (Tr. 10, 221–22.) The same day, Plaintiff also filed an application for supplemental security income. (Tr. 10, 225–32.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 110–11, 113–14, 121–22, 126–27.) Plaintiff then requested an administrative hearing. (Tr. 132–33.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 28–47.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 10–21.) Subsequently, Plaintiff requested review from the Appeals

Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1975, claimed disability beginning on June 28, 2015. (Tr. 223.) Plaintiff attended vocational college and has an associate's degree. (Tr. 31.) Plaintiff's past relevant work experience includes work as a counter attendant. (Tr. 19.) Plaintiff alleged disability due to biliary atresia, portal hypertension, "[h]alf of her pancreas never formed," depression, anxiety, panic attacks, tendinitis in right shoulder, pinched nerve in neck, lowered immune system, chronic fatigue, gastrointestinal bleeding, enlarged spleen, cholangitis, barrettes esophagus, gastro introitus, hormonal imbalance, insomnia, "poor nutrition/craves sugar," Epstein-barr, cirrhosis, and varicose veins. (Tr. 250.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since June 28, 2015, the alleged onset date. (Tr. 12.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: congenital biliary atresia; cirrhosis; hypertension biliary; gastroenteritis; osteoarthritis of the right shoulder; anemia; migraine headaches; and obesity. (Tr. 12.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk four hours in an eight-hour workday, frequently balance, and occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. However, the claimant can never climb ladders, ropes, or scaffolds. The claimant

> can occasionally overhead reach with the dominant right upper extremity and have occasional exposure to extreme cold, extreme heat, humidity, vibration, noise, fumes, odors, dusts, gases, and poor ventilation. In addition, the claimant can have occasional exposure to hazards such as moving mechanical parts of equipment, tools, and machinery.

(Tr. 15.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (Tr. 17.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 19.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as office helper, photocopying-machine operator, and mail sorter clerk. (Tr. 20.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 21.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in giving no weight to the opinion of Karen Campbell; (2) the ALJ failed to incorporate all limitations in the hypothetical to the VE; and (3) the ALJ erred in relying on the VE's testimony. For the reasons that follow, none of these contentions warrant reversal.

### A. Karen Campbell's Opinion

On December 12, 2017, an examination of Plaintiff was documented on a form titled "Mental Disorders." (Tr. 727–32.) The examiner opined that Plaintiff has "moderate and marked limitations in interacting with others; concentration, persistence, and maintaining pace and adapting or managing oneself." (Tr. 18.) The ALJ gave no weight to this opinion, finding it to be "overstated and not supported by the record evidence." (Tr. 19.) Additionally, the ALJ noted that "because it is difficult to read the signature, it is unclear whether the signatory of the assessment is an acceptable medical source." (Tr. 19.)

Plaintiff argues that the opinion was from Advanced Registered Nurse Practitioner ("ARNP") Karen Campbell and that the "ALJ's failure to recognize that the opinion belongs to ARNP Campbell led to an improper evaluation of this opinion." (Dkt. 16 at 11–12.) Plaintiff argues that ARNP Campbell "may be treated as an acceptable medical source" under the regulations. (Dkt. 16 at 12.) Currently, the regulations provide that an acceptable medical source includes a "Licensed Advanced Practice Registered Nurse, or other licensed advanced practice nurse with another title, for impairments within his or her licensed scope of practice." 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7). However, this regulation only applies to claims filed "on or after March 27, 2017." *Id.* For claims filed prior to March 27, 2017, nurse practitioners "are not acceptable medical sources, so their opinions are not 'medical opinions' and 'cannot establish the existence of an impairment.'" *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)). Notably, because nurse practitioners are not acceptable medical sources, their opinions are not entitled to substantial weight. *Id.*

In this case, Plaintiff's claims were filed in 2015. (Tr. 10.) Accordingly, ARNP Campbell is not an acceptable medical source and the ALJ was only required to "consider her opinion and generally explain the weight given to it." *Royal v. Comm'r of Soc. Sec.*, No. 3:18-cv-836-J-PDB, 2019 WL 4594594, at *2 (M.D. Fla. Sept. 23, 2019). In considering a nurse practitioner's opinion, an ALJ should utilize the same factors for considering other opinion evidence, including

> how long the source has known the claimant and the frequency of their contact, the consistency of the source's opinions with the other evidence, the degree to which the source supports and explains the opinions, and whether the source has a specialty or area of expertise related to the claimant's impairments along with any other relevant factor is appropriately considered in weighing such opinions.

*Yerger v. Astrue*, No. 8:11–cv–1944–T–30TBM, 2012 WL 5907056, at *5 (M.D. Fla. Nov. 5, 2012). The ALJ may reject any opinion that is unsupported by the record. *See Williams v.*

*Comm'r, Soc. Sec. Admin.*, 580 F. App'x 732, 734 (11th Cir. 2014) (explaining that "the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion") (emphasis in original).

Contrary to Plaintiff's argument (Dkt. 16 at 13), the ALJ did not simply reject ARNP Campbell's opinion because it was not from an acceptable medical source. Instead, the ALJ properly considered the opinion and found that it was "overstated and not supported by the record evidence because the record does not include extensive treatment or significant symptoms that would be consistent with a marked or moderate limitation in any domain." (Tr. 19.) Plaintiff argues that the ALJ did not consider Plaintiff's "treatment history into consideration because she did not know the opinion in question belonged to ARNP Campbell" (Dkt. 16 at 14), but ALJ's thorough opinion makes clear that she considered Plaintiff's entire medical history. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (explaining that there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the Court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole).

Ultimately, the ALJ's finding that the opinion was "overstated and not supported by the record evidence" is supported by substantial evidence. In November of 2014, Plaintiff had a consultative examination with psychologist Kenneth Visser, Ph.D. (Tr. 580–86.) Dr. Visser noted that Plaintiff was tearful at times, but that she made eye contact easily, did not exhibit any unusual behavior, and had normal thought processes, with well organized responses. (Tr. 582–83.) Dr. Visser noted that "[m]ost of her difficulties have been the result of her physical problems" but noted some resulting anxiety. (Tr. 584–85.) Nonetheless, Dr. Visser found Plaintiff to be capable of performing all work-related activities related to mental health, including "interacting with the

public, and with her coworkers." (Tr. 585.) Dr. Visser's prognosis stated she needed medication and psychotherapy related to her anxiety. (Tr. 586.)

In June of 2016, Plaintiff had a mental status examination with Pascal Bordy, M.D. (Tr. 692.) Dr. Bordy found that Plaintiff's

> [o]rientation, memory, appearance, behavior and ability to relate during the examination were entirely within normal limits. The claimant was appropriate, polite, pleasant, cooperative and able to [give] a clear concise, coherent medical history without apparent cognitive difficulties. Affect was flat without signs of depressive disorders, without signs of agitation, irritability or anxiety. Hygiene and grooming were good, effort and cooperation were good.

(Tr. 692.) Then, as the ALJ noted, at Plaintiff's most recent primary care visits, "her mood was described as stable with medication." (Tr. 17, 856–57, 859, 863–64, 866.) Finally, the ALJ also relied on the State agency consultant, who found that Plaintiff "had only a mild limitation in social functioning and a mild limitation in concentrating, persistence, and maintaining pace." (Tr. 18.) Thus, substantial evidence supports the ALJ's finding that ARNP Campbell's opinion is unsupported by the record. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Because substantial evidence supports the ALJ's decision to discredit ARNP Campbell's opinion, this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence.")

### B. Hypothetical

When the ALJ determines that a claimant cannot perform past relevant work, the Commissioner must produce evidence that claimant is able to perform other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

Plaintiff argues that the ALJ failed to pose a hypothetical comprising all of her impairments because, despite giving great weight to the opinion of the State agency physician, Dr. Thomas Renny, the ALJ failed to find that Plaintiff was limited to reaching frequently on the right side. (Dkt. 16 at 16.) Review of the record, however, shows that Dr. Renny specifically opined that Plaintiff was limited in reaching "right overhead." (Tr. 88, 102.) In formulating the RFC, the ALJ found that Plaintiff "can occasionally overhead reach with the dominant right upper extremity." (Tr. 15.) Because the RFC is more limited than Dr. Renny's opinion,[1] Plaintiff cannot show harmful error in the treatment of Dr. Renny's opinion.

---

[1] "Occasionally" means "occurring from very little up to one-third of the time," Social Security Ruling ("SSR") 96-9p, 1996 WL 37418, at *3 (S.S.A. July 2, 1996), whereas "frequently" means "occurring from one-third to two-thirds of the time," SSR 93-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

Moreover, even if Dr. Renny opined that Plaintiff was more limited, it is strictly the ALJ's duty to determine the claimant's RFC.  *See Denomme*, 518 F. App'x at 877–78.  While opinion evidence is helpful, it is not dispositive.  *Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 743 (11th Cir. 2008); *see also Williams v. Comm'r, Soc. Sec. Admin.*, 580 F. App'x 732, 734 (11th Cir. 2014) (explaining that "the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion") (emphasis in original).  Thus, the ALJ was not required adopt all of Dr. Renny's conclusions.  *See Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) ("A doctor's opinion on dispositive issues reserved to the Commissioner . . . is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source.")

Further, the ALJ's finding that Plaintiff "can occasionally overhead reach with the dominant right upper extremity" (Tr. 15), is supported by substantial evidence.  Plaintiff's reaching limitations appear to arise from a work injury to her right shoulder in September of 2015.  "After evaluation, she was diagnosed with tendonitis, prescribed ibuprofen, and discharged home with restrictions not to lift more than five pounds for a few days."  (Tr. 16.)  After "physical therapy and trigger point injections," Dr. Bordy's examination in June of 2016 revealed that Plaintiff had "full painless range of motion in all joints, including her right shoulder and no edema or other tenderness was noted in any upper extremity joint."  (Tr. 16.)

Because the ALJ's formulation of the RFC is supported by substantial evidence and the ALJ "pose[d] a hypothetical question which comprise[d] all of the claimant's impairments," the testimony of the VE "constitute[s] substantial evidence."  *Jones*, 190 F.3d at 1229.

### C. VE's Testimony

"[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Jones*, 190 F.3d at 1229. In this case, the ALJ utilized a VE who testified that Plaintiff could perform the jobs of office helper, with approximately 491,000 jobs in the national economy; photocopy machine operator, with approximately 197,000 jobs in the national economy; and mail clerk, with approximately 142,000 jobs in the national economy. (Tr. 45.) When asked whether this testimony was consistent with the Dictionary of Occupational Titles ("DOT"), the VE testified that the DOT does not address standing and/or walking limitations or "the differentiation between bilateral and unilateral nor dominant versus non-dominant reaching, handling feeling, and fingering." (Tr. 46.) For those limitations, the VE relied on "actual job analyses information and occupational outlook handbooks and other references and resources and [her] 34 years of experience in the field." (Tr. 46.)

Plaintiff argues that the VE's testimony is not reliable because "the VE did not specify the source upon which [s]he relied for providing the job numbers." (Dkt. 16 at 19.) Additionally, Plaintiff argues that the numbers provided by the VE are overstated when compared to Bureau of Labor Statistics data. (Dkt. 16 at 19–20.) However, the undersigned agrees with Defendant (Dkt. 17 at 14–15) that Plaintiff offers no legal authority for the proposition that a VE must rely upon or specify a specific vocational source. In fact, the "VE need not rely on any specific set of materials to support [her] conclusions." *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 938 (11th Cir. 2011). The "Social Security regulations clearly provide that a VE's knowledge and expertise may supply a reasoned basis for his conclusions." *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 402 (11th Cir. 2012) (holding that the VE was not "required to specify the formula he used to arrive at the reduced figure and the rationale for that formula for his conclusion to be reliable").

Plaintiff improperly attempts to undermine the VE's testimony by presenting evidence in this Court that was never argued before the ALJ. *See Leslie v. Colvin*, No. 5:15-cv-190-GJS, 2015 WL 8334859, at *1 (C.D. Cal. Dec. 8, 2015) (joining "the growing consensus of judges" in holding that "a claimant may not undermine a vocational expert's testimony that significant numbers of a job exist by presenting job statistics never presented to the ALJ that, even if credited, at best creates a conflict in the record that the ALJ is given the statutory prerogative to resolve"). Even the numbers put forth by Plaintiff still show thousands of jobs available in the national economy, which is significant. *See Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015) (affirming a finding that 23,800 jobs in the national economy constituted a significant number); *Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) (affirming a finding that 840 jobs in the national economy constituted a significant number).

But it is not this Court's role to resolve a conflict that was not presented to the ALJ. Without a conflict, apparent or otherwise, the ALJ was entitled to rely on the testimony of the VE and the VE's testimony constitutes substantial evidence. *See Hobbs v. Colvin*, No. 8:13-CV-3233-T-24, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (finding the "ALJ was permitted to base his findings about [jobs the plaintiff is able to perform] on the VE's testimony"); *Brijbag v. Astrue*, No. 8:06-CV-2356-T-MAP, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT.").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED.**

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on June 23, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Susan C. Bucklew
Counsel of Record